# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**NOVEMBER 2020**

**001503**

E-Filing Number: 2011027145

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JERRY AVESYAN | JC TRANSPORT, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 240 PAXON HOLLOW ROAD<br>MEDIA PA 19063 | 43 PORETE AVENUE<br>NORTH ARLINGTON NJ 07031 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| LUCY AVESYAN | JOSE ERNESTO VENTURA |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 240 PAXON HOLLOW ROAD<br>MEDIA PA 19063 | 1885 AMSTERDAM AVENUE<br>NEW YORK NY 10032 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MARINA BADALIAN | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 631 S. CENTRAL BOULEVARD<br>BROOMALL PA 19008 | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 4 | 2 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: _____ | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**

2V - MOTOR VEHICLE ACCIDENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED PRO PROTHY<br><br>NOV **17** 2020<br><br>**A. SILIGRINI** | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES          NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JERRY AVESYAN , LUCY AVESYAN , MARINA BADALIAN , SUREN SARIKYAN

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MICHAEL O. PANSINI | PANSINI, MEZROW & DAVIS<br>1525 LOCUST ST<br>15TH FLOOR<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)732-5555 | (215)732-7872 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 44455 | MPansini@Pansinilaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *MICHAEL PANSINI* | Tuesday, November 17, 2020, 10:48 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF PLAINTIFFS:**

1. JERRY AVESYAN
    240 PAXON HOLLOW ROAD
    MEDIA PA 19063
2. LUCY AVESYAN
    240 PAXON HOLLOW ROAD
    MEDIA PA 19063
3. MARINA BADALIAN
    631 S. CENTRAL BOULEVARD
    BROOMALL PA 19008
4. SUREN SARIKYAN
    631 S. CENTRAL BOULEVARD
    BROOMALL PA 19008

**PANSINI & MEZROW**
**BY:   MICHAEL O. PANSINI, ESQUIRE**
**I.D.   #44455**
**BY:   STEVEN M. MEZROW, ESQUIRE**
**I.D.   #43746**
**BY:   GREGORY J. KOWALSKI, ESQUIRE**
**I.D.   #54271**
**1525 Locust Street, 15ᵗʰ Floor**
**Philadelphia, PA 19102**
**(215) 732-5555**



*Filed and Attested by the*
*Office of Judicial Records*
*17 NOV 2020 10:48 am*
*A. SILIGRINI*

**Attorneys for Plaintiffs**

---

| | |
|---|---|
| **JERRY AVESYAN and** : | **COURT OF COMMON PLEAS** |
| **LUCY AVESYAN, h/w** : | **PHILADELPHIA COUNTY** |
| **240 Paxon Hollow Road** : | |
| **Media, PA 19063** : | |
| **           and** : | |
| **MARINA BADALIAN and** : | |
| **SUREN SARIKYAN, h/w** : | |
| **631 S. Central Boulevard** : | |
| **Broomall, PA 19008** : | |
| **           v.** : | |
| **JC TRANSPORT, INC.** : | |
| **43 Porete Avenue** : | |
| **North Arlington, NJ 07031** : | |
| **           and** : | |
| **JOSE ERNESTO VENTURA** : | |
| **1885 Amsterdam Avenue** : | |
| **New York, NY 10032** : | |

---

## CIVIL ACTION COMPLAINT - NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY AN ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information Service
1101 Market Street, 11ᵗʰ Floor
Philadelphia, Pennsylvania 19107
(215) 238-6300

LE HAN DEMANDADO A USTED EN LA CORTE. SI USTED QUIERE DEFENDERSE DE ESTAS DEMANDAS EXPUESTAS EN LAS PAGINAS SIGUIENTES, USTED TIENE VIENTE (20) DIAS, DE PLAZO AL PARTIR DE LA FECHA DE LA DEMANDA Y LA NOTIFICATION. HACE FALTA ASENTAR UNA COMPARENCIA ESCRITA O EN FORMA ESCRITA SUS DEFENSAS O SUS OBJECIONES A LAS DEMANDAS EN CONTRA DE SU PERSONA. SEA AVISADO QUE SI USTED NO SE DEFIENDE, LA CORTE TOMARA MEDIDAS Y PUEDE CONTINUAR LA DEMANDA EN CONTRA SUYA SIN PREVIO AVISO O NOTIFICACION.  ADEMAS, LA CORTE PUEDE DICIDIR A FAVOR DEL DEMANDANTE Y REQUIERE QUE USTED CUMPLA CON TODAS LAS PROVISIONES DE ESTA DEMANDA.  USTED PUEDE PERDER DINERO O SUS PROPIEDADES U OTROS DERECHOS IMPORTANTES PARA USTED.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociacion de Liceneados de Filadelphia
Servicio de Referencia e Informacion Legal
1101 Market Street, 11ᵗʰ Floor
Filadelphia, Pennsylvania  19107
(215) 238-6300

Case ID: 201101503

**PANSINI & MEZROW**
**BY:   MICHAEL O. PANSINI, ESQUIRE**
**I.D.   #44455**
**BY:   STEVEN M. MEZROW, ESQUIRE**
**I.D.   $43746**
**BY:   GREGORY J. KOWALSKI, ESQUIRE**
**I.D.   #54271**
**1525 Locust Street, 15ᵗʰ Floor**
**Philadelphia, PA 19102**
**(215) 732-5555**                                  **Attorneys for Plaintiffs**

---

| | |
|---|---|
| **JERRY AVESYAN and** : | **COURT OF COMMON PLEAS** |
| **LUCY AVESYAN, h/w** : | **PHILADELPHIA COUNTY** |
| **240 Paxon Hollow Road** : | |
| **Media, PA 19063** : | |
| **and** : | |
| **MARINA BADALIAN and** : | |
| **SUREN SARIKYAN, h/w** : | |
| **631 S. Central Boulevard** : | |
| **Broomall, PA 19008** : | |
| **v.** : | |
| **JC TRANSPORT, INC.** : | |
| **43 Porete Avenue** : | |
| **North Arlington, NJ 07031** : | |
| **and** : | |
| **JOSE ERNESTO VENTURA** : | |
| **1885 Amsterdam Avenue** : | |
| **New York, NY 10032** : | |

---

## CIVIL ACTION COMPLAINT
## <u>2V - MOTOR VEHICLE ACCIDENT</u>

    1.    Plaintiff, **JERRY AVESYAN**, is an adult individual residing at 240 Paxon

Hollow Road, Media, PA 19063.

    2.    Plaintiff, **LUCY AVESYAN,** is an adult individual residing at 240 Paxon Hollow

Road, Media, PA 19063.

    3.    Plaintiff, **MARINA BADALIAN,** is an adult individual residing at 631 S. Central

Boulevard, Broomall, PA 19008.

4.      Plaintiff, **SUREN SARIKYAN, h/w**, is an adult individual residing at 631 S. Central Boulevard, Broomall, PA 19008.

5.      Defendant, **JC TRANSPORT, INC.,** is a Pennsylvania corporation and/or foreign corporation, which at all times relevant hereto engaged in business in the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis with offices for service of process at 43 Porete Avenue, North Arlington, NJ 07031.

6.      Defendant, **JOSE ERNESTO VENTURA,** is an adult individual residing at 1885 Amsterdam Avenue, New York, NY 10032.  Upon information and belief, Defendant, **JOSE ERNESTO VENTURA,** is amenable to service of process in Philadelphia County.

7.      At all times material hereto, the Defendant, **JC TRANSPORT, INC.**, by and through its agents, servants, workmen and/or employees, including **JOSE ERNESTO VENTURA,** acting in the course of his employment and within the scope of his authority with the said Defendant and in furtherance of said Defendant's business, owned, operated, maintained, serviced, controlled, supervised, and possessed the tractor trailer involved in the incident hereinafter described.

8.      At all times relevant hereto Defendants, **JC TRANSPORT, INC.**,  was and is in the business of trucking and/or transporting goods.

9.      At all times material hereto Defendant, **JC TRANSPORT, INC.,** has engaged in a practice of placing corporate profits over public safety to transport products as quickly as possible, putting the safety of motorists second to the financial interests of said Defendant.

1

10.     At all times relevant hereto Defendant, **JC TRANSPORT, INC.**, enforced a policy which recklessly disregarded the interests of motorists on the roadway by pressuring that its trucks and drivers deliver products as quickly as possible in reckless disregard of the safety of motorists on the roadway.

11.     On or about the 18th day of September, 2019, Defendant, **JOSE ERNESTO VENTURA,** while acting in the course of his employment for Defendant, **JC TRANSPORT, INC.**, and while acting within the scope of his authority and in furtherance of said Defendant's business, operated, maintained, controlled, and possessed the tractor trailer which was owned, controlled, leased or otherwise possessed by Defendant, **JC TRANSPORT, INC.**, which was involved in the incident hereinafter described.

12.     On or about the 18th day of September, 2019, the Plaintiffs, **MARINA BADALIAN and JERRY AVESYAN** were occupants in a motor vehicle traveling on the Verrazano Bridge in New York City, New York which at all times material thereto was being lawfully operated then and there on the highway.

13.     On the aforesaid date, the Defendant, **JC TRANSPORT, INC's** vehicle was being operated by Defendant, **JOSE ERNESTO VENTURA** on  on the Verrazano Bridge in New York City, New York , when it was so carelessly, recklessly, and/or negligently operated and controlled that it was caused to be involved in a crash with the vehicle in which Plaintiffs, **MARINA BADALIAN and JERRY AVESYAN** were occupants.

14.     By reason of the aforesaid carelessness, negligence and recklessness hereinafter described of the Defendants,  **JC TRANSPORT, INC.,** and **JOSE ERNESTO VENTURA,** as hereafter alleged, the Plaintiff, **JERRY AVESYAN,** suffered severe and

3

permanent injuries to his head, neck, back, hips, arms and legs; he also sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues of her head, neck, back, hips, arms and legs; including but not limited to closed-head injury, post-concussion syndrome; secondary closed-head injury; sympathetically mediated pain syndrome; lumbar radiculopathy; brachial plexopathy; post-traumatic anxiety; post-traumatic stress order; major depressive disorder; post-traumatic headaches; occipital neuralgia; median neuropathy; radial neuropathy; ulnar neuropathy; cervical radiculopathy; long thoracic neuritis; scapular winging; right shoulder rotator cuff tear; left should rotator cuff strain and sprain; capsulitis of shoulder and aggravation and/or exacerbation of all known and unknown preexisting medical conditions.  The Plaintiff, **JERRY AVESYAN,** suffered internal injuries of an unknown nature; she suffered severe aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system, and other injuries the full extent of which are not yet known.  He has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to attend to his usual duties and occupation, all to his great financial detriment and loss.  The Plaintiff, **JERRY AVESYAN**,  believes and therefore avers that her injuries are permanent in nature.

15.     As a result of the aforesaid occurrence, the Plaintiff, **JERRY AVESYAN,** has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purposes in the future.

16.     As a result of the aforesaid occurrence, the Plaintiff, **JERRY AVESYAN,** has

Case ID: 201101503

been prevented from attending to his usual and daily activities and duties, and may be so prevented for an indefinite time in the future, all to his great detriment and loss.

17.     As a result of the aforesaid occurrence, the Plaintiff, **JERRY AVESYAN,** has suffered physical pain, mental anguish and humiliation and he may continue to suffer same for an indefinite period of time in the future.

18.     By reason of the aforesaid carelessness, negligence and recklessness hereinafter described of the Defendants,  **JC TRANSPORT, INC.,** and **JOSE ERNESTO VENTURA,** as hereafter alleged, the Plaintiff, **MARINA BADALIAN,** suffered severe and permanent injuries to her head, neck, back, hips, arms and legs; she also sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues of her head, neck, back, hips, arms and legs; including but not limited to closed-head injury, traumatic brain injury; cognitive dysfunction; post-traumatic headache syndrome; occipital neuralgia, median neuropathy, radial neuropathy, radial plexopathy, cervical radiculopathy, long thoracic neuritis, vascular and scapular winging, post-traumatic stress disorder; left shoulder capsulitis; traumatic anxiety; and aggravation and/or exacerbation of all known and unknown preexisting medical conditions. The Plaintiff, **MARINA BADALIAN,** suffered internal injuries of an unknown nature; she suffered severe aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system, and other injuries the full extent of which are not yet known.  She has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to attend to her usual duties and occupation, all to her great financial detriment and loss. The Plaintiff, **MARINA BADALIAN**, believes and therefore avers that

5

her injuries are permanent in nature.

19.     As a result of the aforesaid occurrence, the Plaintiff, **MARINA BADALIAN,**

has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large

sums of money for medicine and medical attention and may be required to expend

additional sums for the same purposes in the future.

20.     As a result of the aforesaid occurrence, the Plaintiff, **MARINA BADALIAN,**

has been prevented from attending to her usual and daily activities and duties, and may

be so prevented for an indefinite time in the future, all to her great detriment and loss.

21.     As a result of the aforesaid occurrence, the Plaintiff, **MARINA BADALIAN,**

has suffered physical pain, mental anguish and humiliation and she may continue to suffer

same for an indefinite period of time in the future.

## COUNT I
## JERRY AVESYAN V. DEFENDANT, JC TRANSPORT, INC.

22.     Plaintiff, **JERRY AVESYAN**, incorporates by reference and makes a part

hereof the preceding paragraphs of this Complaint as though fully set forth herein at length.

23.     The carelessness, recklessness, and/or negligence of the Defendant, **JC**

**TRANSPORT, INC.**, consisted of the following:

> (a)     hiring inexperienced drivers;
>
> (b)     failing to properly maintain said vehicle, including but not limited to the tractor-trailer's safety, drive and brake systems;
>
> (c)     failing to properly perform pre-trip and post-trip inspections of said vehicle including but not limited to inspection of the vehicle's safety, drive and brake systems;

6

(d)     failing to properly train **JOSE ERNESTO VENTURA** in the performance of safety inspections, and the operation and use of said vehicle;

(e)     failing to properly supervise **JOSE ERNESTO VENTURA**;

(f)     placing corporate profits over public safety resulting in vehicles being operated on the roadway which were unsafe;

(g)     acting recklessly by placing corporate profits over public safety by creating an environment and enforcing a policy for its product to be delivered as fast as possible in reckless disregard to the safety of motorists on the highway;

(h)     acting with reckless disregard to the interests of individuals on the highway by placing corporate profits over public safety by enforcing a policy that stressed speed of delivery, knowing that such policy foreseeably creates reckless and outrageous conduct of its drivers resulting in car crashes;

(i)     acting recklessly by instilling a practice of rewarding drivers for speedy delivery rather than the safe operation of a motor vehicle;

(j)     acting recklessly by  instilling a practice where driver fatigue resulted from the practice of rewarding drivers for speedy delivery.

24.     The negligence, carelessness, and/or recklessness of the Defendant, **JC TRANSPORT, INC.**, increased the risk of harm to Plaintiff, **JERRY AVESYAN**, and caused the injuries and damages suffered by Plaintiff, **JERRY AVESYAN**..

25.     As a result of the negligence, carelessness, and/or recklessness of the Defendant,   **JC TRANSPORT, INC.**, and their agents, servants, workers, and/or

7

Case ID: 201101503

employees, the Plaintiff, **JERRY AVESYAN**, suffered the injuries and damages as set forth

above.

**WHEREFORE**, Plaintiff, **JERRY AVESYAN,** demands   judgment against the

Defendants, solely, jointly and severally in an amount in excess of $50,000.00 plus delay

damages, punitive damages,  interest, costs, and damages as permitted by law.

### COUNT II
### JERRY AVESYAN V. DEFENDANT, JOSE ERNESTO VENTURA

26.    Plaintiff, **JERRY AVESYAN**, incorporates by reference and makes a part

hereof the preceding paragraphs of this Complaint as though fully set forth herein at length.

27.    The carelessness, negligence and/or recklessness of Defendant, **JOSE**

**ERNESTO VENTURA**, consisted of the following:

> (a)    operating said motor vehicle at an excessive rate of speed under the circumstances;
>
> (b)    failing to have said motor vehicle under proper and adequate control at the time of the accident;
>
> (c)    failing to apply his vehicle's brakes in time to avoid a collision;
>
> (d)    failing to give proper and sufficient warning of the approach of said motor vehicle;
>
> (e)    failing to pay attention while operating said motor vehicle;
>
> (f)    disregarding a steady red traffic signal under the circumstances;
>
> (g)    operating said motor vehicle in a reckless manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiff, **JERRY AVESYAN**, at the point aforesaid;

Case ID: 201101503

(h)     failing to operate his motor vehicle in a safe and proper manner at the time and location at issue;

(i)     failing to comply with the laws, rules and regulations of the Pennsylvania Motor Vehicle Code, the statutes of the Commonwealth of Pennsylvania and the ordinances of Milford Township;

(j)     violating   75  Pa.C.S.A.  §3714  pertaining  to careless driving; and

(k)     violating   75  Pa.C.S.A.  §3736  pertaining  to reckless driving.

28.     The   negligence,  carelessness,  and/or  recklessness of the Defendant, **JOSE ERNESTO VENTURA**, increased the risk of harm to Plaintiff, **JERRY AVESYAN**, thereby causing injuries and damages suffered by Plaintiff as set forth above.

29.     As a result of the negligence, carelessness, and/or recklessness of the Defendant, **JOSE ERNESTO VENTURA**, the Plaintiff, **JERRY AVESYAN**, suffered the injuries and damages as set forth above.

**WHEREFORE**, Plaintiff, **JERRY AVESYAN,** demands judgment against the Defendant, solely, jointly and severally in an amount in excess of $50,000.00 plus delay damages, punitive damages, interest, costs, and damages as permitted by law.

**COUNT III**
**PLAINTIFF, LUCY AVESYAN v. ALL DEFENDANTS**

30.     Plaintiff, **LUCY AVESYAN**, incorporates by reference and makes a part hereof the preceding paragraphs of this Complaint as though fully set forth herein at length.

31.     Plaintiff, **LUCY AVESYAN**, in her own right, is the spouse of Plaintiff, **JERRY AVESYAN**, and as such has incurred expenses in the treatment of her spouse's injuries

Case ID: 201101503

and loss of wages, and in the future may be caused to incur additional expenses and losses as he has in the past.

32.     As a result of the aforesaid occurrence, Plaintiff, **LUCY AVESYAN**, in her own right, and to her great detriment and loss, has been deprived of the society, companionship, services, and consortium of her spouse, all of which may be permanent.

**WHEREFORE**, Plaintiff, **LUCY AVESYAN**, demands damages of the Defendants, jointly and severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars plus delay damages, punitive damages, costs, interests, and other damages as permitted by law.

## COUNT IV
## MARINA BADALIAN V. JC TRANSPORT, INC.

33.     Plaintiff, **MARINA BADALIAN**, incorporates by reference and makes a part hereof the preceding paragraphs of this Complaint as though fully set forth herein at length.

34.     The carelessness, recklessness, and/or negligence of the Defendant, **JC TRANSPORT, INC.**, consisted of the following:

> (a)     hiring inexperienced drivers;
>
> (b)     failing to properly maintain said vehicle, including but not limited to the tractor-trailer's safety, drive and brake systems;
>
> (c)     failing to properly perform pre-trip and post-trip inspections of said vehicle including but not limited to inspection of the vehicle's safety, drive and brake systems;
>
> (d)     failing to properly train **JOSE ERNESTO VENTURA** in the performance of safety inspections, and the operation and use of said vehicle;
>
> (e)     failing to properly supervise **JOSE ERNESTO**

10

Case ID: 201101503

**VENTURA**;

(f)     placing corporate profits over public safety resulting in vehicles being operated on the roadway which were unsafe;

(g)     acting recklessly by placing corporate profits over public safety by creating an environment and enforcing a policy for its product to be delivered as fast as possible in reckless disregard to the safety of motorists on the highway;

(h)     acting with reckless disregard to the interests of individuals on the highway by placing corporate profits over public safety by enforcing a policy that stressed speed of delivery, knowing that such policy foreseeably creates reckless and outrageous conduct of its drivers resulting in car crashes;

(i)     acting recklessly by instilling a practice of rewarding drivers for speedy delivery rather than the safe operation of a motor vehicle;

(j)     acting recklessly by  instilling a practice where driver fatigue resulted from the practice of rewarding drivers for speedy delivery.

35.     The negligence, carelessness, and/or recklessness of the Defendant, **JC TRANSPORT, INC.**, increased the risk of harm to Plaintiff, **MARINA BADALIAN**, and caused the injuries and damages suffered by Plaintiff, **MARINA BADALIAN**.

36.     As a result of the negligence, carelessness, and/or recklessness of the Defendant,  **JC TRANSPORT, INC.**, and their agents, servants, workers, and/or employees, the Plaintiff, **MARINA BADALIAN**, suffered the injuries and damages as set forth above.

**WHEREFORE**, Plaintiff, **MARINA BADALIAN,** demands  judgment against the

Case ID: 201101503

Defendants, solely, jointly and severally in an amount in excess of $50,000.00 plus delay

damages, punitive damages,  interest, costs, and damages as permitted by law.

## COUNT V
## MARINA BADALIAN V. DEFENDANT, JOSE ERNESTO VENTURA

37.    Plaintiff, **MARINA BADALIAN**, incorporates by reference and makes a part

hereof the preceding paragraphs of this Complaint as though fully set forth herein at length.

38.    The carelessness, negligence and/or recklessness of Defendant, **JOSE**

**ERNESTO VENTURA**, consisted of the following:

(a)    operating said motor vehicle at an excessive
       rate of speed under the circumstances;

(b)    failing to have said motor vehicle under proper
       and adequate control at the time of the accident;

(c)    failing to apply his vehicle's brakes in time to
       avoid a collision;

(d)    failing to give proper and sufficient warning of
       the approach of said motor vehicle;

(e)    failing to pay attention while operating said motor
       vehicle;

(f)    disregarding a steady red traffic signal under
       the circumstances;

(g)    operating said motor vehicle in a reckless
       manner without due regard for the rights and
       safety of those lawfully upon the highway,
       one of whom was the Plaintiff, **MARINA
       BADALIAN,** at the point aforesaid;

(h)    failing to operate his motor vehicle in a safe and
       proper manner at the time and location at issue;

(i)    failing to comply with the laws, rules and
       regulations of the Pennsylvania Motor Vehicle

12

Code, the statutes of the Commonwealth of Pennsylvania and the ordinances of Milford Township;

(j)     violating 75 Pa.C.S.A. §3714 pertaining to careless driving; and

(k)     violating 75 Pa.C.S.A. §3736 pertaining to reckless driving.

39.     The negligence, carelessness, and/or recklessness of the Defendant, **JOSE ERNESTO VENTURA**, increased the risk of harm to Plaintiff, **MARINA BADALIAN**, thereby causing injuries and damages suffered by Plaintiff, **MARINA BADALIAN** as set forth above.

40.     As a result of the negligence, carelessness, and/or recklessness of the Defendant, **JOSE ERNESTO VENTURA**, the Plaintiff, **MARINA BADALIAN**, suffered the injuries and damages as set forth above.

**WHEREFORE**, Plaintiff, **MARINA BADALIAN,** demands judgment against the Defendant, solely, jointly and severally in an amount in excess of $50,000.00 plus delay damages, punitive damages, interest, costs, and damages as permitted by law.

## COUNT VI
## SUREN SARIKYAN V. ALL DEFENDANTS

41.     Plaintiff, **SURAN SARIKYAN**, incorporates by reference and makes a part hereof the preceding paragraphs of this Complaint as though fully set forth herein at length.

42.     Plaintiff, **SUREN SARIKYAN**, in his own right, is the spouse of Plaintiff, **MARINA BADALIAN**, and as such has incurred expenses in the treatment of his spouse's injuries and loss of wages, and in the future may be caused to incur additional expenses and losses as he has in the past.

13

43.     As a result of the aforesaid occurrence, Plaintiff, **SUREN SARKIKYAN**, in his own right, and to his great detriment and loss, has been deprived of the society, companionship, services, and consortium of his spouse, all of which may be permanent.

**WHEREFORE**, Plaintiff, **SUREN SARIKYAN**, demands damages of the Defendants, jointly and severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars plus delay damages, punitive damages, costs, interests, and other damages as permitted by law.

**Respectfully submitted,**

**PANSINI & MEZROW**

BY:     **/s/ Michael O. Pansini**
        **MICHAEL O. PANSINI, ESQUIRE**
        **STEVEN M. MEZROW, ESQUIRE**
        **GREGORY J. KOWALSKI, ESQUIRE**
        **Attorneys for Plaintiffs**

**DATE: 11/17/20**



*Filed and Attested by the*
*Office of Judicial Records*
*17 NOV 2020 10:48 am*
*A. SILIGRINI*

## VERIFICATION

I, Jerry Avesyan                          , state that I am the within named Plaintiff and that

the facts set forth in the foregoing  Civil Action Complaint

are true and correct to the best of my knowledge, information and belief; and that this

statement is made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to

unsworn falsification to authorities.

_____

JERRY AVESYAN


**DATED:** 11/17/2020

Case ID: 201101503



*Filed and Attested by the
Office of Judicial Records
17 NOV 2020 10:48 am
A. SILIGRINI*

## VERIFICATION

I, Marina Badalian                          , state that I am the within named Plaintiff and that

the facts set forth in the foregoing  Civil Action Complaint

are true and correct to the best of my knowledge, information and belief; and that this

statement is made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to

unsworn falsification to authorities.


_Marina Badalian_
MARINA BADALIAN



**DATED:** 11/17/2020

Case ID: 201101503